FILED
CLERK, U.S. DISTRICT COURT
04/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:25-cr-00137-ODW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DANIEL ANGEL TORRES and JOE BARRAGAN, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT TORRES]

On or about September 19, 2023, in Riverside County, within the Central District of California, defendant DANIEL ANGEL TORRES

1  knowingly and intentionally distributed cocaine, a Schedule II
2  narcotic drug controlled substance.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT TORRES]

On or about September 28, 2023, in Riverside County, within the Central District of California, defendant DANIEL ANGEL TORRES knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 922(a)(1)(A)]

[DEFENDANT BARRAGAN]

Beginning on or about October 26, 2023, and continuing through on or about November 7, 2023, in Riverside County, within the Central District of California, and elsewhere, defendant JOE BARRAGAN, not personally being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| Date | Firearms |
| --- | --- |
| October 26, 2023 | Three privately manufactured, semi-automatic, 9mm pistols, unserialized |
| November 7, 2023 | Seven privately manufactured, semi-automatic, 9mm pistols, unserialized |

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about November 7, 2023, in Riverside County, within the Central District of California, defendants DANIEL ANGEL TORRES and JOE BARRAGAN, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 436.8 grams, of methamphetamine, a Schedule II controlled substance.

                          COUNT FIVE

                [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

                        [DEFENDANT TORRES]

    On or about August 29, 2024, in Riverside County, within the Central District of California, defendant DANIEL ANGEL TORRES knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One, Two, Four, or Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense;

   (c) All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Acting Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Acting Deputy Chief, Riverside Branch Office